IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORGAN HELLER and JOSHUA FLAVIN, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> CURALEAF HOLDINGS, INC., <br><br> Defendant. | Case No. 22-cv-1617 |

**JOINT INITIAL STATUS REPORT**

The parties, by and through their respective counsel, submit the following joint initial status report pursuant to this Court's standing order and Minute entry of May 25, 2022:

**I.  Nature of the Case**
   **A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

   Counsel for Plaintiffs:
   Matthew T. Fletcher (Lead Trial Attorney)
   Max P. Barack
   The Garfinkel Group
   6252 N Lincoln Avenue, Suite 200
   Chicago, IL 60659
   312-815-8935

   Counsel for Defendant:
   Mark W. Wallin (Lead Trial Attorney)
   Barnes & Thornburg LLP
   One North Wacker Drive
   Suite 4400
   Chicago, IL 60606
   312-357-1313

   **B. State the basis for federal jurisdiction. If federal question, identify all federal statutes on which such jurisdiction is based. If based on diversity, specify citizenship or domicile of all parties, and whether the parties agree that the amount in controversy exceeds the required threshold.**

   This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

C. **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

This is a hybrid Class and Collective Action under the Fair Labor Standards Act and state law for tip theft against Defendant Curaleaf. Curleaf operates 134 cannabis dispensaries in 22 states. Plaintiffs allege, on behalf of themselves and all other known and unknown members of the putative class and potential collective that Curaleaf failed to pay tips to past and current employees. Count I is a potential FLSA Collective Action. Count II is a putative Rule 23 Class Action pursuant to the Illinois Wage Payment and Collection Act on behalf of Curaleaf's Illinois employees.

Additionally, in response to Defendant's Motion to Dismiss Count II, Plaintiffs will be filing an amended complaint pursuant to Fed.R.Civ.P. 15 to address the arguments raised in Defendant's motion. The proposed amended complaint will also add two new named plaintiffs and two additional counts for tip theft subclasses pursuant to Arizona and Massachusetts wage laws.

D. **Describe the relief sought by the plaintiff(s).**

For the FLSA Collective, Plaintiffs seeks back pay for all unpaid wages for the three years prior to date of filing this action through to the date of judgment. They also seek liquidated damages, prejudgment interest, and attorney's fees and costs. Plaintiffs further seek injunctive relief to preclude Defendant from further violations of the FLSA with respect to payment of tips.

For the Illinois Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutory damages of monthly interest pursuant to the Illinois Wage Payment and Collection Act, and attorney's fees and costs.

For the Arizona Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutorily imposed treble damages, attorney's fees, and costs.

For the Massachusetts Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutorily imposed treble damages, attorney's fees, and costs.

E. **State the major legal and factual issues anticipated in the case.**

The primary factual and legal issues center on class certification - the numerosity of the collective action and subclasses, the commonality of the factual and legal issues, and the typicality of the claims of the class representatives. Because each store is different and the amounts of tips received by the stores varies, a key factual issue with respect to damages will be the amount of tips not paid to the collective and subclasses.

Additional significant factual and legal issues will also include the identification of decision making at each of Defendant's retail locations with respect to tip pooling, and the interplay with applicable law concerning tips for employees for whom no tip-credit is applied.

    F.  **List the names of any parties who have not yet been served. If Plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.**
N/A.

**II.**   **Discovery and Pending Motions**

    A.  **Describe the general type of discovery needed.**
Plaintiffs anticipate this case will require written discovery into Defendant's policies, procedures, and training regarding payment of tips. Further, it is alleged that some stores were tracking the amount of tips they seized from employees so Plaintiffs will seek discovery on that data. Additionally, Defendants have, as of January 2022 begun paying tips out through regular payroll so Defendant's data as to the amounts collected and paid at each store will be relevant to showing the amounts collected prior to January 2022 that were not formally accounted for under Defendant's old procedures. This case will also require discovery related to conditional certification of the collective and subclasses and Plaintiff anticipates this will require separate written and oral discovery.

Defendant anticipates written and oral discover as to the named-Plaintiffs concerning, among other things, their work history with Defendant, their understanding concerning any tips provided by customers, and their involvement or the involvement of others in applicable tip pooling arrangement. Defendant agrees that discovery related to conditional certification and class certification will be necessary. In the event an FLSA collective is certified, Defendant will further require discovery concerning any opt-in Plaintiffs, which discovery can be negotiated by the parties should the need arise.

    B.  **Provide dates for: (1) Rule 26(a)(1) disclosures; (2) issuing the first set of written discovery requests; (3) fact discovery completion.**
Deadline for 26(a)(1) disclosures:          August 30, 2022
Deadline for issuing written discovery:      October 4, 2022
Deadline for completion of fact discovery:   November 3, 2023

    C.  **At this time, do the parties anticipate there will be expert discovery?**
Plaintiffs anticipate this case may require expert discovery in the area of forensic accounting.

In the event Plaintiffs designate an expert, Defendant will require a rebuttal expert.

    D.  **Briefly describe any currently pending motions or anticipated motions.**
Defendant filed a Motion to Dismiss Count II of the First Amended Complaint, the class action count pursuant to the Illinois Wage Payment and Collection Act. In response, Plaintiff seeks to file a Second Amended Complaint to address the issues raised in that motion while also adding new counts and named plaintiffs.

    E.  **State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).**
The parties agree to service via electronic means per Fed.R.Civ.P 5(b)(2)(E).

III. **Trial**
   A. **State whether there has been a jury demand.**
      Yes.

   B. **Provide the date by which the parties anticipate being ready for trial.**
      February 2024.

   C. **Estimate the length of trial.**
      The parties estimate 10 days.

IV. **Consent and Settlement Discussions**
   A. **The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. State whether all parties unanimously consent to proceed before the Magistrate Judge.**
      The parties do not unanimously agree to consent to the jurisdiction of the Magistrate Judge.

   B. **State whether any settlement discussions have occurred and the status of any settlement discussions. (Do not provide any particulars of any demands or offers that have been made.)**
      The parties discussed settlement in their initial meet and confer pursuant to Rule 26(f).

   C. **State whether the parties request a settlement conference at this time.**
      At this time the parties do not feel that settlement is feasible given the number of unknowns.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew Fletcher* | */s/ Mark W. Wallin* |
| One of Plaintiffs' Attorneys | One of Defendant's Attorneys |
| | |
| Garfinkel Group, LLC | Mark W. Wallin (6304226) |
| 6252 N. Lincoln Avenue, Ste 200 | **BARNES & THORNBURG LLP** |
| Chicago, IL. 60659 | One N. Wacker Drive, Suite 4400 |
| Max Barack (IARDC No. 6312302) | Chicago, IL 60606 |
| max@garfinkelgroup.com | mwallin@btlaw.com |
| Matthew Fletcher (IARDC No. 6305931) | Phone: (312) 214-4591 |
| matthew@garfinkelgroup.com | Fax: (312) 759-5646 |
| 312-815-8935 | |