IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MORGAN HELLER and JOSHUA FLAVIN, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>    Plaintiffs,<br><br>v.<br><br>CURALEAF HOLDINGS, INC.,<br><br>    Defendant. | Case No. 22-cv-1617 |

**JOINT INITIAL STATUS REPORT FOR REASSIGNED CASE**

The parties, by and through their respective counsel, submit the following joint initial status report pursuant to this Court's standing order and Minute Order of October 3, 2022 (ECF Dkt. No. 24) reassigning this matter to the Honorable Nancy L. Maldonado:

**I. Nature of the Case**

  **A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

  Counsel for Plaintiffs:
  Matthew T. Fletcher (Lead Trial Attorney)
  Max P. Barack
  The Garfinkel Group
  6252 N Lincoln Avenue, Suite 200
  Chicago, IL 60659
  312-815-8935

  Counsel for Defendant:
  Mark W. Wallin (Lead Trial Attorney)
  Barnes & Thornburg LLP
  One North Wacker Drive, Suite 4400
  Chicago, IL 60606
  312-357-1313

  Benjamin Perry
  Barnes & Thornburg LLP
  201 South Main Street, Suite 400
  South Bend, IN 46601
  574-233-1171

B. **State the basis for federal jurisdiction. If federal question, identify all federal statutes on which such jurisdiction is based. If based on diversity, specify citizenship or domicile of all parties, and whether the parties agree that the amount in controversy exceeds the required threshold.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

C. **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

This is a hybrid class and collective action under the Fair Labor Standards Act and state law for tip theft against Defendant Curaleaf. Curleaf operates 134 cannabis dispensaries in 22 states. Plaintiffs allege, on behalf of themselves and all other known and unknown members of the putative class and potential collective that Curaleaf failed to pay tips to past and current employees. Count I is a potential FLSA collective action. Count II is a putative Rule 23 class action pursuant to the Illinois Wage Payment and Collection Act ("IWPCA") on behalf of Curaleaf's Illinois employees. Count III is a putative Rule 23 class action pursuant to the Arizona Wage Act on behalf of Curaleaf's Arizona employees. Count IV is a putative class Rule 23 Class Action pursuant to the Massachusetts Wage Act on behalf of Curaleaf's Massachusetts employees

D. **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

For the FLSA Collective, Plaintiffs seeks back pay for all unpaid wages for the three years prior to date of filing this action through to the date of judgment. They also seek liquidated damages, prejudgment interest, and attorney's fees and costs. Plaintiffs further seek injunctive relief to preclude Defendant from further violations of the FLSA with respect to payment of tips.

For the Illinois Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutory damages of monthly interest pursuant to the Illinois Wage Payment and Collection Act, and attorney's fees and costs.

For the Arizona Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutorily imposed treble damages, attorney's fees, and costs.

For the Massachusetts Subclass, Plaintiffs seek back pay for all unpaid wages for the statutory period through to the date of judgment. They also seek statutorily imposed treble damages, attorney's fees, and costs.

E. **List the names of any parties who have not yet been served.**

None.

**II.** **Discovery and Pending Motions**

    **A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

    Defendant filed a partial motion to dismiss the IWPCA count in Plaintiff's First Amended Complaint on June 28, 2022. ECF Dkt. Nos. 10 and 11. In response, Plaintiff filed a Second Amended Complaint on July 19, 2022. ECF Dkt. No. 14. Defendant filed a partial motion to dismiss the IWPCA count and the Arizona Wage Act counts of the Second Amended Complaint on August 22, 2022. ECF Dkt. Nos. 18 and 19. Plaintiff filed its response in opposition to Defendant's motion on September 27, 2022. Defendant's deadline to file a reply brief is October 18, 2022.

    **B. What is the current discovery schedule?**

    The present discovery schedule is:

| | |
|---|---|
| Deadline for 26(a)(1) disclosures: | August 30, 2022 |
| Deadline for issuing written discovery: | October 4, 2022 |
| Deadline for completion of fact discovery: | November 3, 2023 |

    To date, the parties have exchanged Rule 26(a)(1) initial disclosures. On October 4, 2022, the parties agreed to a joint extension of the deadline to issue written discovery of one week. Due to the pending Motion to Dismiss and the fact that Defendant has not answered the Complaint, Plaintiff proposes the following modification to the above discovery schedule:

| | |
|---|---|
| Deadline for issuing written discovery: | November 4, 2022 |
| Deadline for completion of fact discovery: | November 3, 2023 |

    **C. Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

    The parties have only exchanged initial disclosures to date. The parties anticipate completing discovery by the current deadline.

    **D. Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

    None.

    **E. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

    Plaintiff anticipates filing a Motion for Conditional Certification of the proposed collective and classes. Defendant anticipates moving for summary judgment at the appropriate juncture, as set by the Court.

**III. Trial**

    **A. Have any of the parties demanded a jury trial?**

    Yes.

    **B. What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

    February 2024.

    **C. Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

    No. There is no deadline presently set for the filing of the final pretrial order.

    **D. Estimate the number of trial days.**

    The parties estimate 10 days.

**IV. Settlement, Referrals, and Consent**

    **A. Have any settlement discussions taken place? If so, what is the status?**

    The parties discussed settlement in their initial meet and confer pursuant to Rule 26(f) but given the number of factual questions unanswered at this stage, the parties do not believe settlement is possible at this stage.

    **B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

    No.

    **C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

    No.

**D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

The parties have discussed with their clients the possibility of proceeding before the assigned Magistrate Judge for all purposes but at this time the parties do not unanimously consent to that procedure.

**V.** **Other**

None.

| | |
|---|---|
| */s/ Matthew Fletcher* | */s/ Mark W. Wallin* |
| One of Plaintiffs' Attorneys | One of Defendant's Attorneys |
| | |
| Garfinkel Group, LLC | |
| 6252 N. Lincoln Avenue, Ste 200 | Mark W. Wallin (6304226) |
| Chicago, IL. 60659 | **BARNES & THORNBURG LLP** |
| Max Barack (IARDC No. 6312302) | One N. Wacker Drive, Suite 4400 |
| max@garfinkelgroup.com | Chicago, IL 60606 |
| Matthew Fletcher (IARDC No. 6305931) | mwallin@btlaw.com |
| matthew@garfinkelgroup.com | Phone: (312) 214-4591 |
| | Fax: (312) 759-5646 |